UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL LOURIM,

                              NO. CIV. S-09-3131 LKK/KJM

    Plaintiff,

  v.

WASHINGTON MUTUAL BANK,
F.A., GEORGE SANDERS; and
DOES 1-20, inclusive,               O R D E R

    Defendants.
_____/

    Plaintiff filed an amended complaint on December 4, 2009 bringing nine claims against three defendants arising out of the refinancing of his home mortgage. Two of his claims were based on federal statutes. The remaining claims all arise under state law. On December 21, 2009, defendants filed a motion to dismiss the amended complaint. On February 8, 2010, plaintiff filed a statement of non-opposition to dismissal of his claims under the federal law, the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). Accordingly, plaintiff's TILA and RESPA

1

claims are dismissed. For the reasons described below, the court remands this case to state court.

Dismissal of the TILA and RESPA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for violation of the California Rosenthal Act, negligence, breach of fiduciary duty, fraud, violations of California's Unfair Competition Law, breach of contract, and breach of the implied covenant of good faith and fair dealing. Pl.'s First Am. Compl. ("FAC").

Under 28 U.S.C. § 1447(c), district courts shall remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Here, parties are not diverse under 28 U.S.C. § 1332, and all claims that arise under federal law under 28 U.S.C. § 1331 have been dismissed. Accordingly, no claims survive for which this court has original jurisdiction.

The court exercised supplemental jurisdiction over plaintiff's state law claims prior to the dismissal of his federal claims. Under 28 U.S.C. § 1367(c) district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, where federal claims are eliminated before

1 trial, district courts should usually decline to exercise
2 supplemental jurisdiction. See <u>Carnegie-Mellon Univ. v. Cohill</u>, 484
3 U.S. 343, 351 (1988); <u>Gini v. Las Vegas Metropolitan Police Dept.</u>,
4 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which
5 federal-law claims are eliminated before trial, the balance of
6 fators . . . will point toward declining to exercise jurisdiction
7 over the remaining state law claims.") (quoting <u>Schneider v. TRW,</u>
8 <u>Inc.</u>, 938 F.2d 986, 993 (9th Cir. 1991)). In accordance with 28
9 U.S.C. § 1367(c), the court declines to exercise supplemental
10 jurisdiction over plaintiff's remaining state law claims, and
11 therefore, the court lacks subject matter jurisdiction over
12 plaintiff's claims.
13      For the foregoing reasons, the court orders that plaintiff's
14 complaint is REMANDED to state court.
15      IT IS SO ORDERED.
16      DATED:  February 26, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3